JUDGE MARRERO

08 CV 4573

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

DONG SHAW,                          :

      Plaintiff,                      :

                              :

v.                                  :    C.A. No.:

BANK OF AMERICA,                    :

      Defendant.                      :

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441(a), 1441(b) and 1446 and Local Civil Rule 81.1, and for

the sole purpose of removing this matter to the United States District Court for the Southern

District of New York, Defendant Bank of America, N.A., incorrectly identified by Plaintiff Dong

Shaw ("Plaintiff") as "Bank of America" ("Defendant"), states:

      1.     State Court Action.

Plaintiff filed this action against Defendant in the New York State Supreme Court,

County of New York, Index No. 100639-2007, on or about August 3, 2007. A copy of the

Summons and Complaint that were served on Defendant's statutory agent on or about August 13,

2007 are attached as Exhibit 1.

      2.     Diversity of Citizenship.

On March 14, 2008, Defendant served a Notice To Admit on Plaintiff, a copy of which is

attached as Exhibit 2. On April 21, 2008, Plaintiff served his Responses To Defendant's Notice

To Admit (the "Admission Responses"), a copy of which is attached as Exhibit 3. In Admission

Response No. 1, Plaintiff admitted that he is a citizen of the State of New York. In Admission

Response No. 3, Plaintiff admitted that his permanent residence is in the State of New York.

Upon information and belief, Plaintiff's address is 68-22 Clyde Street, Forest Hills, New York.

As Defendant stated in Paragraph 2 of its Answer, a copy of which is attached as <u>Exhibit</u> <u>4</u>, Defendant is a national banking association formed under the laws of the United States of America with its principal place of business in Charlotte, North Carolina. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

    3.    <u>Amount in Controversy</u>

The Complaint contains two causes of action alleging national origin/race discrimination and retaliation in violation of New York Executive Law § 296 and New York City Administrative Code § 8-502(a), et seq. In Admission Response No. 5, Plaintiff admitted that, through this litigation, he is seeking damages that exceed the sum or value of $75,000, exclusive of interest and costs. In addition, Plaintiff admitted in Admission Response No. 4 that he is seeking "economic damages resulting from lost past and future earnings," as alleged in Paragraph 25 of the Complaint, that exceed the sum or value of $75,000, exclusive of interest and costs. Because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, jurisdiction is conferred on this Court by 28 U.S.C. § 1332.

    4.    <u>Diversity Jurisdiction.</u>

This action is one under which the Court has original jurisdiction pursuant to 28 U.S.C. §1332 and which may be removed to this Court pursuant to 28 U.S.C. §1441, as it is a civil action in which the Plaintiff is a resident of the State of New York and the Defendant is not, and in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

    5.    <u>Timeliness of Notice of Removal</u>.

Plaintiff's Complaint provided no information identifying the amount of damages he was seeking to recover, nor did it suggest the sum or value of the amount in controversy. Therefore,

the case stated by the initial pleading was not removable. On April 21, 2008, however,

Defendant received Plaintiff's Admission Responses. It was from these Admission Responses

that it was first ascertained that the action was one which had become removable. Defendant has

filed this Notice of Removal within thirty days after receipt of Plaintiff's Admission Responses.

Removal of this action is, therefore, timely under 28 U.S.C. § 1446(b).

      6.    <u>Relief Requested</u>.

Defendant requests that the United States District Court for the Southern District of New

York assume jurisdiction over the above-captioned action and issue such further orders and

processes as may be necessary to bring before it all parties necessary for the trial of this action.

                                The Defendant,
                                By and through its Attorneys,
                                EDWARDS ANGELL PALMER &
                                DODGE LLP

                                Ivan Novich, Esq.
                                One Giralda Farms
                                Madison, NJ 07940
                                Telephone No. (973) 921-5227
                                Fax No. (888)325-9515
                                inovich@eapdlaw.com

Dated: May 14, 2008

Exhibit 1

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
-----------------------------------------------------------------x

DONG SHAW,                                               Index No.:

               Plaintiff,

       - against -                                       SUMMONS            07110639

BANK OF AMERICA,                                        Date of Purchase of
                                                        Index Number:
               Defendant.
-----------------------------------------------------------------

     YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer within twenty [20] days after the service (or within thirty [30] days after the
service is complete if this summons is not personally delivered to you within the State of New
York); and in case of your failure to appear or answer, judgement will be taken against you by
default for the relief demanded in the complaint.

     The Plaintiff designates **New York County** as the place of trial which is the county in
which **the acts and omissions giving rise to the allegations made in the complaint occurred.**

Dated: New York, New York
        August 2, 2007

                            KAISER SAURBORN & MAIR, P.C.
                            Attorneys for Plaintiff

               By:_____
                    Daniel J. Kaiser, Esq.
                    20 Exchange Place, 11th Floor
                    New York, New York 10005
                    (212) 338-9100

NEW YORK STATE SUPREME COURT
COUNTY OF NEW YORK
--------------------------------------------------------------x
DONG SHAW,                                              Index No.:

          Plaintiff,

     -against-                                        **COMPLAINT**

BANK OF AMERICA,

          Defendant.
--------------------------------------------------------------x

     Plaintiff, Dong Shaw, by his attorneys, Kaiser Saurborn & Mair, P.C., as and for his

complaint against defendant alleges as follows:

### PARTIES, JURISDICTION AND NATURE OF ACTION

1.    Plaintiff, Dong Shaw ("plaintiff"or "Shaw"), a Chinese American, is a former

    employee of Bank of America.

2.    Defendant, Bank of America ("defendant"or "Bank of America"), is a banking

    institution authorized to conduct business in the State of New York.

3.    Venue is properly laid in this county in that the events that are the basis of the

    legal claims asserted by plaintiff occurred in New York County.

4.    In this action plaintiff asserts defendant discriminated against him because of his

    national origin and retaliated against him for complaining of the discrimination.

    Plaintiff asserts his claims pursuant to Executive Law § 296 and New York City

    Administrative Code § 8-502(a).

### BACKGROUND

### I.

### MR. SHAW'S EMPLOYMENT

5.    On February 14, 2005, Mr. Shaw commenced his employment with Bank of

America in the position of Senior Research Analyst reporting to Vikram Kuriyan.

6.    During the entire tenure of his employment, Mr. Shaw performed his job responsibilities expertly and diligently.

7.    For example, methodologies for simulation in testing investment strategies, such as his "building block idea," are still utilized by Bank of America to this day.

8.    Defendant had a responsibility to help insure that Mr. Shaw's working environment remained free of unlawful discriminatory and retaliatory conduct.

## II.

### THE NATIONAL ORIGIN DISCRIMINATION

9.    On February 2, 2006, at a meeting attended by Joe Tannehill, Mr. Shaw's manager, and by Mr. Shaw, Mr. Tannehill began laughing at Mr. Shaw's accent.

10.    He further accused Mr. Shaw of speaking in a rambling and funny manner and characterized his communication skills as poor.

11.    Mr. Shaw was stunned and humiliated by the disparaging remarks and objected to Mr. Tannehill's comments.

12.    Exactly three months later Mr. Shaw was handed a written counseling memorandum.

13.    The counseling memorandum actually criticized Mr. Shaw for meeting his fiduciary obligations by identifying the error in the simulation system.

14.    The work criticisms were entirely unfounded and obviously intended to serve as a pretext.

## III.

## THE RETALIATION

15.  On May 9, 2006, Mr. Shaw, in a meeting with Mr. Tannehill, told Mr. Tannehill that his disparaging remarks concerning his accent made him uncomfortable and that his conduct constituted discrimination.

16.  Bank of America conducted no investigation into Mr. Shaw's discrimination complaint.

17.  On August 8, 2006, Mr. Shaw was summarily terminated.

18.  His termination was a direct consequence of Mr. Tannehill's discriminatory animus as well as retaliation for Mr. Shaw's objections to the illegal conduct.

19.  The illegal treatment of Mr. Shaw was consistent with a wider pattern of discrimination committed by Mr. Tannehill.

20.  Since the time Mr. Tannehill assumed supervisory responsibility for the research group, all of his foreign born direct reports except one have been fired, resigned, or transferred to another group.

21.  Upon information and belief, defendant knew that its actions violated State and City law.

22.  Upon information and belief, defendant acted maliciously and/or in reckless disregard of plaintiff's civil rights.

## CAUSE OF ACTION I

23.  Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "22" as if incorporated and realleged herein.

-3-

24.  Defendant discriminated against plaintiff because of his national origin/race and retaliated against him for complaining of the discrimination.

25.  By reason thereof, defendant has violated Executive Law § 296, et seq., and plaintiff has been damaged in an amount to be determined at trial, including, but not limited to, economic damages and emotional injuries.

### CAUSE OF ACTION II

26.  Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "22" and "24" as if incorporated and realleged herein.

27.  Defendant discriminated against plaintiff because of his national origin/race and retaliated against him for complaining of the discrimination.

28.  By reason thereof defendant has violated New York City Administrative Code § 8-502(a), et. seq., and plaintiff has been damaged in an amount to be determined at trial, including, but not limited to, economic damages resulting from lost past and future earnings, other employment benefits, and emotional injuries.


**WHEREFORE,** plaintiff demands judgement against defendant as follows:

(i)   On the First Cause of Action assessing compensatory damages against defendant in an amount to be determined at trial;

(ii)  On the Second Cause of Action assessing compensatory damages and punitive damages against defendant in an amount to be determined at trial;

(iii) Attorney's fees and disbursements; and

-4-

(iv)    For such other relief as the Court deems just and proper.

Dated: New York, New York
        August 2, 2007

                                            **KAISER SAURBORN & MAIR, P.C.**
                                            Attorneys for Plaintiff
                                            20 Exchange Pl., 43rd Fl.
                                            New York, New York 10005
                                            (212) 338-9100

                                            _____
                                            Daniel J. Kaiser

-5-

COUNSELORS AT LAW
KAISER SAURBORN & MAIR, P.C.

ALL-STATE LEGAL®
07181 BF - 07182 GL - 07183-CV - 07184-WN
800.222.0510 www.aslegal.com

*Index No.*            *Year 20*   07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DONG SHAW,

             Plaintiff,

     - against -

BANK OF AMERICA,

             Defendant.

07110639

SUMMONS AND COMPLAINT

NEW YORK
COUNTY CLERKS OFFICE

AUG 03 2007

FILED

KAISER SAURBORN & MAIR, P.C.
COUNSELORS AT LAW

*Attorneys for*            Plaintiff

20 EXCHANGE PLACE
NEW YORK, NEW YORK 10005
(212) 338-9100

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:*....................................      Signature.......................................................................................

                                Print Signer's Name..............................................................................

*Service of a copy of the within*                                 *is hereby admitted.*

*Dated:*

                               *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐   *that the within is a (certified) true copy of a*
NOTICE OF *entered in the office of the clerk of the within named Court on*            20
ENTRY

☐   *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF *Hon.*                      *one of the judges of the within named Court,*
SETTLEMENT *at*
     *on*                    20      *, at*           *M.*

Check Applicable Box

*Dated:*

KAISER SAURBORN & MAIR, P.C.
COUNSELORS AT LAW

*Attorneys for*

Exhibit 2

Ivan R. Novich
Edwards Angell Palmer & Dodge LLP
One Giralda Farms
Madison, NJ 07940
Tele. No. (973) 921-5227
Fax No. (888) 325-9515
inovich@eapdlaw.com

Siobhan M. Sweeney
*Pro hac vice*
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA  02199
Tele. No. (617) 517-5596
Fax No. (888) 325-9182
ssweeney@eapdlaw.com

Attorneys for Defendant

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DONG SHAW,

                  Index No.: 110639/07

             Plaintiff,

    - against -

                  **NOTICE TO ADMIT**

BANK OF AMERICA,

           Defendant.

        PLEASE TAKE NOTICE that, pursuant to CPLR 3123, defendant Bank of America,

N.A. ("Defendant"), incorrectly identified by Plaintiff as Bank of America, by their attorneys,

Edwards Angell Palmer & Dodge LLP, request that Plaintiff Dong Shaw ("Plaintiff") admit,

within 20 days of service of this Notice, the truth of the matters of fact set forth below:

## FACTS TO BE ADMITTED

1. Plaintiff is a citizen of the State of New York.

2. Plaintiff is an alien admitted to the United States for permanent residence who is domiciled in the State of New York.

3. Plaintiff's permanent residence is located in the State of New York.

4. Through this litigation, Plaintiff is seeking "economic damages resulting from lost past and future earnings," as alleged in Paragraph 25 of the Complaint, which exceed the sum or value of $75,000, exclusive of interest and costs.

5. Through this litigation, Plaintiff is seeking damages that exceed the sum or value of $75,000, exclusive of interest and costs.

Dated:      March 14, 2008
            Madison, New Jersey

Ivan R. Novich
Edwards Angell Palmer & Dodge LLP
One Giralda Farms
Madison, NJ 07940
Tele. No. (973) 921-5227
Fax No. (888) 325-9515
inovich@eapdlaw.com

Siobhan M. Sweeney
*Pro hac vice*
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, MA 02199
Tele. No. (617) 517-5596
Fax No. (888) 325-9182
ssweeney@eapdlaw.com

*Attorneys for Defendant*

AFFIRMATION OF SERVICE

     Ivan R. Novich affirms penalty of perjury pursuant to CPLR 2106 that he is a member in good standing of the bar of the State of New York, is over the age of 18 years, is not a party to this action, resides in the County of New York, State of New York, and that on the 14th day of March, 2008, he served a true copy of the annexed Notice To Admit upon:

Daniel J. Kaiser, Esq.
Kaiser Saurborn & Mair, P.C.
111 Broadway, 18th Floor
New York, NY 10006

by depositing it enclosed in a postpaid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                                                       Ivan R. Novich, Esq.

Exhibit 3

**NEW YORK STATE SUPREME COURT**
**COUNTY OF NEW YORK**
-------------------------------------------------------------x

DONG SHAW,                                    Index No.: 110639/07

                   Plaintiff,

    -against-

BANK OF AMERICA,

                 Defendant.
-------------------------------------------------------------x

### PLAINTIFF'S RESPONSES TO DEFENDANT'S NOTICE TO ADMIT

The Plaintiff, Dong Shaw, by his attorneys, Kaiser Saurborn & Mair, P.C., hereby

answers defendant's notice to admit as follows:

    1.      Admit.

    2.      Denied.

    3.      Admit.

    4.      Admit.

APR-21-2008  15:30        KAISER SAURBORN & MAIR              212 338 9088    P.03/03

5.    Admit.

Dated: New York, New York
       April 21, 2008

                          **KAISER SAURBORN & MAIR, P.C.**
                          Attorneys for Defendant
                          20 Exchange Pl., 43rd Fl.
                          New York, New York 10803



                          _____
                          Daniel J. Kaiser


TO:    Ivan R. Novich, Esq.
       Edwards Angell Palmer & Dodge LLP
       Attorneys for defendant
       1 Giralsa Farms
       Madison, NJ 07940

2

TOTAL P.03

Exhibit 4

| | |
|---|---|
| INDEX NO.: | 110639-2007 |
| PLAINTIFF: | SHAW, DON |
| DEFENDANT: | BANK OF AMER |
| CASE STATUS: | ACTIVE |
| ACTION: | OTHER |
| LAST UPDATE: | 05-16-2008 10:0 |
| JUSTICE: | GISCHE, JUDIT |

Home / SCROLL / COUNTY CLERK MINUTES

| DATE | DOCUMENT TYPE |
|---|---|
| 08-03-2007 | SUMMONS AND COMPLAINT |
| 08-20-2007 | AFFIDAVIT OF SERVICE |
| 08-31-2007 | STIPULATION |
| 09-20-2007 | ANSWER |
| 10-05-2007 | NOTICE OF CHANGE OF ADDRESS |
| 11-15-2007 | NOTICE OF CHANGE OF ADDRESS |
| 03-21-2008 | ORDER IAS PART 10 SEQ 001 MOTION S ARE DECIDED IN ACCORD.WITH THE ANNEXD DECISION / |
| 05-02-2008 | STIPULATION/ORDER PRELIMINARY CONFERENCE ORDER |

BACK    NEV

COUNTY CLERK MINUTES: The minutes of the County Clerk in chronological order reflecting all documents filed with the County Clerk. Motion papers are filed with the order therein and are not separately identified.

60 Centre Street, New York NY 10007
Copyright © 2006 Unified Court System