**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

-------------------------------------------------------------------x

DONG SHAW,                                      Index No.:

                Plaintiff,

      - against -                              SUMMONS              07110639

BANK OF AMERICA,                                Date of Purchase of
                                                Index Number:

            Defendant.

-------------------------------------------------------------------

FILED

        YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer within twenty [20] days after the service (or within thirty [30] days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgement will be taken against you by default for the relief demanded in the complaint.

        The Plaintiff designates **New York County** as the place of trial which is the county in which **the acts and omissions giving rise to the allegations made in the complaint occurred**.

Dated: New York, New York
       August 2, 2007

                     KAISER SAURBORN & MAIR, P.C.
                     Attorneys for Plaintiff

             By: _____
                 Daniel J. Kaiser, Esq.
                 20 Exchange Place, 11th Floor
                 New York, New York 10005
                 (212) 338-9100

8/3/07

310007

**NEW YORK STATE SUPREME COURT**
**COUNTY OF NEW YORK**
-----------------------------------------------------------x

DONG SHAW,                                       Index No.:

             Plaintiff,

    -against-                                    **COMPLAINT**

BANK OF AMERICA,

             Defendant.
-----------------------------------------------------------x

       Plaintiff, Dong Shaw, by his attorneys, Kaiser Saurborn & Mair, P.C., as and for his

complaint against defendant alleges as follows:

### PARTIES, JURISDICTION AND NATURE OF ACTION

1.     Plaintiff, Dong Shaw ("plaintiff"or "Shaw"), a Chinese American, is a former

        employee of Bank of America.

2.     Defendant, Bank of America ("defendant"or "Bank of America"), is a banking

        institution authorized to conduct business in the State of New York.

3.     Venue is properly laid in this county in that the events that are the basis of the

        legal claims asserted by plaintiff occurred in New York County.

4.     In this action plaintiff asserts defendant discriminated against him because of his

        national origin and retaliated against him for complaining of the discrimination.

        Plaintiff asserts his claims pursuant to Executive Law § 296 and New York City

        Administrative Code § 8-502(a).

### BACKGROUND

### I.

### MR. SHAW'S EMPLOYMENT

5.     On February 14, 2005, Mr. Shaw commenced his employment with Bank of

America in the position of Senior Research Analyst reporting to Vikram Kuriyan.

6.  During the entire tenure of his employment, Mr. Shaw performed his job responsibilities expertly and diligently.

7.  For example, methodologies for simulation in testing investment strategies, such as his "building block idea," are still utilized by Bank of America to this day.

8.  Defendant had a responsibility to help insure that Mr. Shaw's working environment remained free of unlawful discriminatory and retaliatory conduct.

## II.

## THE NATIONAL ORIGIN DISCRIMINATION

9.  On February 2, 2006, at a meeting attended by Joe Tannehill, Mr. Shaw's manager, and by Mr. Shaw, Mr. Tannehill began laughing at Mr. Shaw's accent.

10. He further accused Mr. Shaw of speaking in a rambling and funny manner and characterized his communication skills as poor.

11. Mr. Shaw was stunned and humiliated by the disparaging remarks and objected to Mr. Tannehill's comments.

12. Exactly three months later Mr. Shaw was handed a written counseling memorandum.

13. The counseling memorandum actually criticized Mr. Shaw for meeting his fiduciary obligations by identifying the error in the simulation system.

14. The work criticisms were entirely unfounded and obviously intended to serve as a pretext.

**III.**

**THE RETALIATION**

15.    On May 9, 2006, Mr. Shaw, in a meeting with Mr. Tannehill, told Mr. Tannehill

that his disparaging remarks concerning his accent made him uncomfortable and

that his conduct constituted discrimination.

16.    Bank of America conducted no investigation into Mr. Shaw's discrimination

complaint.

17.    On August 8, 2006, Mr. Shaw was summarily terminated.

18.    His termination was a direct consequence of Mr. Tannehill's discriminatory animus

as well as retaliation for Mr. Shaw's objections to the illegal conduct.

19.    The illegal treatment of Mr. Shaw was consistent with a wider pattern of

discrimination committed by Mr. Tannehill.

20.    Since the time Mr. Tannehill assumed supervisory responsibility for the research

group, all of his foreign born direct reports except one have been fired, resigned,

or transferred to another group.

21.    Upon information and belief, defendant knew that its actions violated State and

City law.

22.    Upon information and belief, defendant acted maliciously and/or in reckless

disregard of plaintiff's civil rights.

**CAUSE OF ACTION I**

23.    Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through

"22" as if incorporated and realleged herein.

24.    Defendant discriminated against plaintiff because of his national origin/race and retaliated against him for complaining of the discrimination.

25.    By reason thereof, defendant has violated Executive Law § 296, et seq., and plaintiff has been damaged in an amount to be determined at trial, including, but not limited to, economic damages and emotional injuries.

## CAUSE OF ACTION II

26.    Plaintiff repeats and reiterates the allegations contained in paragraphs "1" through "22" and "24" as if incorporated and realleged herein.

27.    Defendant discriminated against plaintiff because of his national origin/race and retaliated against him for complaining of the discrimination.

28.    By reason thereof defendant has violated New York City Administrative Code § 8-502(a), et. seq., and plaintiff has been damaged in an amount to be determined at trial, including, but not limited to, economic damages resulting from lost past and future earnings, other employment benefits, and emotional injuries.

**WHEREFORE,** plaintiff demands judgement against defendant as follows:

(i)    On the First Cause of Action assessing compensatory damages against defendant in an amount to be determined at trial;

(ii)    On the Second Cause of Action assessing compensatory damages and punitive damages against defendant in an amount to be determined at trial;

(iii)    Attorney's fees and disbursements; and

-4-

(iv) For such other relief as the Court deems just and proper.

Dated: New York, New York
August 2, 2007

**KAISER SAURBORN & MAIR, P.C.**
Attorneys for Plaintiff
20 Exchange Pl., 43rd Fl.
New York, New York 10005
(212) 338-9100

Daniel J. Kaiser

FILED
8/3/07
COUNTY CLERK
NEW YORK COUNTY

2007 ... A ... 25

310008

8/3/07

**Attorney's Certification**

has been compared by me with the original and found to be a true and complete copy thereof.

**Attorney's Verification by Affirmation**

say that: I am the attorney of record, or of counsel with the attorney(s) of record, for

. I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

The reason I make this affirmation instead of                                        is

I affirm that the foregoing statements are true under penalties of perjury.

Dated:

............................................................................

*(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                                        ss:

being sworn says: I am

**Individual Verification**

in the action herein; I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

**Corporate Verification**

the                                        of

a corporation, one of the parties to the action; I have read the annexed

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                        , 20

............................................................................

*(Print signer's name below signature)*

...............................................................................................

STATE OF NEW YORK, COUNTY OF                                        ss:

being sworn says: I am not a party to the action, am over 18 years of age and reside at

On                        , 20    , I served a true copy of the annexed

in the following manner:

**Service by Mail**

by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

**Personal Service**

by delivering the same personally to the persons at the address indicated below:

**Service by Electronic Means**

by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the attorney for that purpose. In doing so I received a signal from the equipment of the attorney indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

**Overnight Delivery Service**

by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on                        , 20

...............................................................................................

............................................................................

*(Print signer's name below signature)*

DONG SHAW,

                        Plaintiff,

        - against -

BANK OF AMERICA,

                      Defendant.

## SUMMONS AND COMPLAINT

### KAISER SAURBORN & MAIR, P.C.
#### COUNSELORS AT LAW

*Attorneys for*

Plaintiff

**20 EXCHANGE PLACE**
**NEW YORK, NEW YORK 10005**
**(212) 338-9100**

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* ........................................     Signature ..............................................................................

                                 Print Signer's Name ................................................................

*Service of a copy of the within*                                 *is hereby admitted.*

*Dated:*

                                 .........................................................

                                 *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐   *that the within is a (certified) true copy of a*
NOTICE OF   *entered in the office of the clerk of the within named Court on*                 *20*
ENTRY

☐   *that an Order of which the within is a true copy will be presented for settlement to the*
NOTICE OF   *Hon.*                            *one of the judges of the within named Court,*
SETTLEMENT   *at*
          *on*                  *20*     *, at*               *M.*

*Check Applicable Box*

*Dated:*

                             **KAISER SAURBORN & MAIR, P.C.**
                              **COUNSELORS AT LAW**

               *Attorneys for*

                             **20 EXCHANGE PLACE**
*To:*                                **NEW YORK, NEW YORK 10005**

*Attorney(s) for*

NEW YORK
COUNTY CLERK'S OFFICE
AUG 03 2007
FILED

AMERICAN CLERICAL SERVICE

Ivan R. Novich, Esq.
Edwards Angell Palmer & Dodge LLP
1 Giralda Farms
Madison, NJ 07940
Tele. No. (973) 921-5227
Fax No. (973) 376-3380
inovich@eapdlaw.com

Attorneys for Defendant,
Bank of America

SUPREME COURT FOR THE STATE OF NEW YORK
COUNTY OF NEW YORK

|  |  |  |
|---|---|---|
| DONG SHAW, | ) | 110639107 |
|  | ) | INDEX NO. ~~100639-2007~~ |
| Plaintiff, | ) |  |
|  | ) |  |
| -against- | ) | ANSWER |
|  | ) |  |
| BANK OF AMERICA | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

*FILED*
*SEP 2 0 2007*
*COUNTY CLERK'S OFFICE*
*NEW YORK*

Now comes Bank of America, N.A., incorrectly identified by Plaintiff as "Bank of
America.", ("Defendant" or "Bank of America"), by its attorneys, Edwards Angell
Palmer & Dodge LLP, on knowledge as to its own actions, and otherwise upon
information and belief, responds to the complaint ("Complaint") by Dong Shaw
("Plaintiff" or "Shaw"), as follows:

## PARTIES, JURISDICTION AND NATURE OF ACTION

1.      Defendant admits that Plaintiff is a former employee of Defendant. Upon
information and belief, Defendant admits that Plaintiff is a citizen of the United States.
Upon information and belief, Defendant admits that Plaintiff's national origin is Chinese.
Except as expressly admitted, Defendant denies each and every allegation of Paragraph 1
of the Complaint.

2.      Defendant admits that it is a national banking association formed under the laws of the United States of America with its principal place of business in Charlotte, North Carolina. Defendant admits that it conducts business in the State of New York. Except as expressly admitted, Defendant denies each and every allegation of Paragraph 2 of the Complaint.

3.      Paragraph 3 states a conclusion of law to which no response is required. To the extent a response is required, Defendant denies each and every allegation of Paragraph 3 of the Complaint.

4.      Defendant admits that Plaintiff purports to assert claims against Defendant and that he purports to assert such claims pursuant to Executive Law § 296 and New York City Administrative Code § 8-502(a). Except as expressly admitted, Defendant denies each and every allegation of Paragraph 4 of the Complaint.

5.      Defendant admits that Plaintiff began his employment with Defendant on or around February 14, 2005, as a Quantitative Research Analyst in the Quantitative Strategies Group managed by Vikram Kuriyan. Except as expressly admitted, Defendant denies each and every allegation of Paragraph 5 of the Complaint.

6.      Defendant denies each and every allegation of Paragraph 6 of the Complaint.

7.      Defendant admits that some methodologies for simulation testing of investment strategies are utilized by Defendant today. Except as expressly admitted, Defendant denies each and every allegation of Paragraph 7 of the Complaint.

8.      Defendant admits it is committed to and has a duty to maintain a workplace free of unlawful discrimination and retaliation for its employees, including Plaintiff, in accordance with federal, state and local law. Except as expressly admitted, Defendant denies each and every allegation of Paragraph 8 of the Complaint.

BOS_BoA_NY_Shaw_Answer to Complaint (3).DOC/SSWEENEY

## THE NATIONAL ORIGIN DISCRIMINATION

9.      Defendant denies the allegations of Paragraph 9 of the Complaint.

10.     Defendant admits that during Plaintiff's performance review in February 2006,
Joe Tannehill("Tannehill") told Plaintiff that when asked a direct question, Plaintiff
sometimes responded in a rambling fashion and did not provide a clear answer. Except
as expressly admitted, Defendant denies each and every allegation of Paragraph 10 of the
Complaint.

11.     Defendant denies that Tannehill's comment as described in Paragraph 10 above,
is disparaging. Defendant admits that on or around May 8, 2006, in response to a Written
Counseling –Performance & Behavior ("Written Counseling"), Plaintiff submitted a
"Response to the 'Written Counseling—Performance & Behavior,'" which is a written
document that speaks for itself. Defendant lacks sufficient knowledge and information to
admit or deny the remaining allegations of Paragraph 11 of the Complaint and therefore
Defendant denies each of them.

12.     Defendant admits that Plaintiff was given a Written Counseling on or around May
8, 2006. Except as expressly admitted, Defendant denies each and every allegation of
Paragraph 12 of the Complaint.

13.     Defendant states that the Written Counseling is a written document that speaks for
itself. Except as expressly admitted, Defendant denies each and every allegation of
Paragraph 13 of the Complaint.

14.     Defendant denies each and every allegation of Paragraph 14 of the Complaint.

### III.

### THE RETALIATION

15.     Defendant admits that on or around May 9, 2006, Plaintiff and Tannehill met, and

- 3 -

Plaintiff told Tannehill that he believed Tannehill's comment in February 2006, that

Plaintiff sometimes responded to direct questions in a rambling fashion and did not

provide a clear answer, made him uncomfortable. Except as expressly admitted,

Defendant denies each and every allegation of Paragraph 15 of the Complaint.

16.    Defendant admits that Plaintiff did not make a discrimination complaint while he

was employed by Defendant, and therefore, Defendant admits that it made no

investigation of a discrimination complaint by Plaintiff while he was employed by

Defendant. Except as expressly admitted, Defendant denies each and every allegation of

Paragraph 16 of the Complaint.

17.    Defendant admits that on August 8, 2006, it terminated Plaintiff's employment.

Except as expressly admitted, Defendant denies each and every allegation of Paragraph

17 of the Complaint.

18.    Defendant denies each and every allegation of Paragraph 18 of the Complaint.

19.    Defendant denies each and every allegation of Paragraph 19 of the Complaint.

20.    Defendant denies each and every allegation of Paragraph 20 of the Complaint.

21.    Defendant denies each and every allegation of Paragraph 21 of the Complaint.

22.    Defendant denies each and every allegation of Paragraph 22 of the Complaint.

### CAUSE OF ACTION I

23.    Defendant repeats and incorporates herein by reference each of the foregoing

Paragraphs 1 through 22, as if fully set forth herein.

24.    Defendant denies each and every allegation of Paragraph 24 of the Complaint.

25.    Defendant denies each and every allegation of Paragraph 25 of the Complaint.

### CAUSE OF ACTION II

26.    Defendant repeats and incorporates herein by reference each of the foregoing

Paragraphs 1 through 25, as if fully set forth herein.

BOS_BoA_NY_Shaw_Answer to Complaint (3).DOC/SSWEENEY

27.    Defendant denies each and every allegation of Paragraph 27 of the Complaint.

28.    Defendant denies the allegations of Paragraph 28 of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

29.    The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

30.    Plaintiff's claims, in whole or in part or portions thereof, are barred by the applicable statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

31.    Plaintiff's claims are barred, in whole or in part, because Plaintiff was an employee-at-will.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

32.    Plaintiff's claims are barred, in whole or in part, because Plaintiff cannot prove that Defendant knew or should have known of any alleged discriminatory or retaliatory treatment of the Plaintiff or that Defendant acquiesced in any alleged such treatment.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

33.    Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory behavior at Plaintiff's workplace by having an anti-discrimination policy with a complaint procedure.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

34.    Plaintiff's claims are barred, in whole or in part, because Defendant has policies prohibiting discrimination and retaliation and procedures for investigating and preventing discrimination and retaliation and Plaintiff unreasonably failed to take action, pursuant to those policies and procedures or otherwise, to be free from discrimination and retaliation.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

35.    Plaintiff's claims are barred, in whole or in part, because Defendant did not authorize, participate in, consent to, or otherwise ratify the conduct about which Plaintiff complains.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

36.    Plaintiff's claims are barred, in whole or in part, to the extent he failed to comply with and satisfy all of the procedural prerequisites for bringing and maintaining an action under the New York Human Rights Law and the Administrative Code of the City of New York.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

37.    Plaintiff's claims are barred, in whole or in part, because he failed to adequately mitigate his alleged damages.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

38.    To the extent that Plaintiff seeks to assert claims for emotional distress, such claims are barred, in whole or in part, by the exclusive remedies provision of the New York Workers' Compensation Law.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

39.    To the extent Plaintiff seeks punitive damages, such damages are not recoverable under his Cause of Action I.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

40.    After-acquired evidence of Plaintiff's acts and/or omissions bars Plaintiff from any remedy, or certain remedies, and/or warrants a reduction in any damages to which Plaintiff claims he is entitled.

WHEREFORE, Defendant demands judgment dismissing the Complaint with prejudice, together with costs and disbursements of this action, reasonable attorneys' fees and such other and further relief as the Court deems just.

Dated: September 17, 2007
Madison, New Jersey

Ivan R. Novich
EDWARDS    ANGELL    PALMER    &
DODGE LLP
1 Giralda Farms
Madison, NJ 07940
Direct Tele. No. (973) 921-5227
Fax No. (973) 376-3380
inovich@eapdlaw.com

Attorneys for Defendant,
Bank of America, N.A..

FILED
9/20/07
COUNTY CLERK
NEW YORK COUNTY

- 7 -

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF NEW YORK         )

John Francavillo, being duly sworn says:

That deponent is not a party to this action, is over 18 years of age, and resides in Kings County, New York

That on September 17, 2007, deponent served the within **DEFENDANT'S RESPONSE TO PLAINTIFF'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS** by mailing the same in a sealed envelope, via Federal Express, addressed to the last known address of the addressee(s) as indicated below:

TO:

Michael A. Bedell, Esquire
Bedell & Forman, LLP
44 Wall Street, 12th Floor
New York, NY  10005

John Francavillo

Sworn to before me this
September 17, 2007

Notary Public
My Commission Expires:

GLENN M. HUZINEC
Notary Public, State of New York
No. 01HU4873127
Qualified in Kings County
Commission Expires Oct. 6, 2010

- 7 -          PRV_BofA_NY_D Cantor-Response to 3rd RFP.DOC/AFURNESS


545505

| | INDEX NO: 110639/07 |
| | FILE DATE: 8/3/2007 |
| **SUPREME COURT OF NEW YORK** | ATTY: KAISER SAURBORN & MAIR, P.C. |
| | 20 EXCHANGE PLACE |
| **NEW YORK** | NEW YORK, NY 10005 |

**STATE OF NEW YORK: COUNTY OF    NEW YORK**

EPS No. 531326
Attorney File No.
Batch No. 104493

---

DONG SHAW

Plaintiff(s)

- against -

BANK OF AMERICA

Defendant(s)

---

**STATE OF NEW YORK,  COUNTY OF QUEENS: SS:**

CHARLES F. MON BEING DULY SWORN DEPOSES AND SAYS DEPONENT IS NOT A PARTY TO THIS ACTION AND IS OVER THE AGE OF EIGHTEEN YEARS AND RESIDES IN THE STATE OF NEW YORK.

That on 8/13/2007 at 1:35PM at 345 PARK AVENUE, NEW YORK, NY 10154,  deponent served the within SUMMONS & COMPLAINT on BANK OF AMERICA. At time of service the index number and date of filing were on the SUMMONS & COMPLAINT

**CORPORATION**

By delivering to and leaving with BANK OF AMERICA and that the deponent knew the person so served to be the GENERAL AGENT, CAROLYN AYALA, AUTHORIZED TO ACCEPT ON BEHALF of the corporation.

**A DESCRIPTION OF THE DEFENDANT OR OTHER PERSON SERVED ON BEHALF OF THE DEFENDANT IS AS FOLLOWS:**

| Approximate age: | 23 | Approximate weight: | 110 | Approximate height: | 5'3" |
| Color of skin: | WHITE | Color of hair: | BROWN | Sex: | F |

FILED

AUG 2 0 2007

COUNTY CLERK'S OFFICE
NEW YORK

Sworn to before me on 8/14/2007

| LUIS A. CRESPO | KEVIN T. MACTIERNAN | ARTAK RAEVSKY | LORRE A. DUNNE |
| Commissioner of Deeds | NOTARY PUBLIC-STATE OF NEW YORK | NOTARY PUBLIC-STATE OF NEW YORK | NOTARY PUBLIC-STATE OF NEW YORK |
| City of New York No. 4-4920 | No. 01MA6106632 | No. 01RA6123189 | No. 01DU8016358 |
| Certificate Filed in Queens County | Qualified in Nassau County | Qualified in Queens County | Qualified in Queens County |
| Commission Expires Aug. 1, 2009 | Commission Expires 4/19/2008 | Commission Expires 2/28/2009 | Commission Expires 11/16/2010 | NP |

**ELITE PROCESS SERVERS * 88-08 Little Neck Parkway, Floral Park, NY 11001**

COURT: SUPREME COURT OF NEW YORK

COUNTY: NEW YORK

INDEX NO: 110639/07

_____X

DONG SHAW

Plaintiff(s)

- against -

BANK OF AMERICA

Defendant(s)

_____X

# AFFIDAVIT OF SERVICE

KAISER SAURBORN & MAIR, P.C.
Attorney for Plaintiffs
20 EXCHANGE PLACE
NEW YORK, NY 10005
212-338-9100
212-338-9088

**ELITE PROCESS SERVERS * 88-08 Little Neck Parkway, Floral Park, NY 11001**

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

DONG SHAW,

                 Plaintiff,

    - against -

BANK OF AMERICA,

                Defendant.

Index No.: 110639/07

**STIPULATION EXTENDING
DEFENDANT'S TIME TO RESPOND
TO THE COMPLAINT**

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the parties

hereto that the time for defendant, Bank of America, to answer, move, or otherwise respond to

the complaint is extended to and including September 17, 2007.

IT IS FURTHER STIPULATED AND AGREED by the undersigned counsel that the

above-named defendant does not and shall not contest the complaint on the grounds of

insufficiency of service of place and manner of service.

IT IS FURTHER STIPLATED AND AGREED by the undersigned counsel that this

stipulation may be signed in counterparts and/or by facsimile or email transmission with the

same force and effect as a signed original.

Dated: August 31, 2007

KAISER SAURBORN & MAIR, P.C.
Attorneys for Plaintiff,
Dong Shaw

By:_____
    Daniel J. Kaiser, Esq.
    20 Exchange Place, 11th Fl.
    New York, N.Y. 10005
    (212) 338-9100

Dated: August 30, 2007

EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant,
Bank of America

By:_____
    Laurie E. Morrison, Esq.
    750 Lexington Avenue
    New York, N.Y. 10022
    (212) 912-2916

    Siobhan M. Sweeney, Esq.
    Of Counsel

FILED

AUG 3 1 2007

COUNTY CLERK'S OFFICE
NEW YORK

111 Huntington Avenue
Boston, MA 02199-7613
(617) 517-5596

**KAISER SAURBORN & MAIR, P.C.**
COUNSELORS AT LAW

20 Exchange Place
New York, New York 10005
TEL: (212) 338-9100
FAX:(212) 338-9088

**Fax Transmission**

Date:       August 31, 2007

**To:**       **Laurie Morrison, Esq.**

Fax No.:    (866) 204-2772

**Re:**       **Dong Shaw v. Bank Of America**
From:       Daniel J. Kaiser, Esq.

Total pages including this cover sheet: 3

**REMARKS:**

NOTE:

*THE INFORMATION CONTAINED IN THIS FAX MESSAGE IS LEGALLY PRIVILEGED AND
CONFIDENTIAL, INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF
YOU, THE READER OF THIS MESSAGE, ARE NOT THE INTENDED RECIPIENT OF THIS
FAX TRANSMISSION, YOU ARE HEREBY NOTIFIED THAT ANY COPYING, DISTRIBUTION
OR DISSEMINATION OF THIS FAX, AND ALL PAPERS WITH IT, IS STRICTLY PROHIBITED.
IF YOU RECEIVED THIS FAX IN ERROR, KINDLY NOTIFY US IMMEDIATELY AT OUR
TELEPHONE NUMBER LISTED ABOVE, SO THAT WE MAY ARRANGE FOR RETURN OF
THIS FAX TO US AT NO COST TO YOU. THANK YOU.*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------x

DONG SHAW,                                    Index No.: 110639/07

               Plaintiff,

     -against-                          **NOTICE OF CHANGE**
                                  **OF ADDRESS**

BANK OF AMERICA,

               Defendants.

-------------------------------------------------------------------X

      PLEASE TAKE NOTICE that Kaiser Saurborn & Mair, P.C., counsel for plaintiff in the

above-captioned matter, has moved its offices to 111 Broadway, 18th floor, New York, New

York 10006, effective October 1, 2007.  Our telephone and facsimile numbers remain the same.

Dated: New York, New York
       September 25, 2007

                           Kaiser Saurborn & Mair, P.C.
                           Attorneys for plaintiff

              By:_____
                     Daniel J. Kaiser
                     111 Broadway, 18th floor
                     New York, New York 10006
                     (212) 338-9100

TO:

     Sioban M. Sweeney, Esq.
     Edwards Angell Palmer & Dodge LLP
     111 Huntington Avenue
     Boston, Mass 02199
     Attorneys for defendant

     Trial support/motion support office

\*\*\*\*\*\*\*\*\*\*\*\*\* -COMM. JOURNAL- \*\*\*\*\*\*\*\*\*\*\*\*\*\*\* DATE SEP-27-2007 \*\*\*\*\* TIME 15:42 \*\*\* P.01

MODE = MEMORY TRANSMISSION                    START=SEP-27 15:41    END=SEP-27 15:42

    FILE NO.= 097

STN NO.    COM    ABBR NO.    STATION NAME/TEL.NO.    PAGES    DURATION

  001      OK      ☎           18883259182           002/002  00:00'37"

                                            -KAISER SAURBORN & MAIR  -

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\* -KAISER SAURBORN - \*\*\*\*\* -     212 338 9088- \*\*\*\*\*\*\*\*

## KAISER SAURBORN & MAIR, P.C.
### COUNSELORS AT LAW

111 Broadway
New York, New York 10006
TEL: (212) 338-9100
FAX:(212) 338-9088

### Fax Transmission

Date:        September 27, 2007

**To:**        **Sioban M. Sweeney Esq.**

Fax No.:      888-325-9182

**Re:**        **Dong Shaw v. Bank Of America**

From:         Daniel J. Kaiser, Esq.

Total pages including this cover sheet:   2

**REMARKS:**

NOTE:

*THE INFORMATION CONTAINED IN THIS FAX MESSAGE IS LEGALLY PRIVILEGED AND
CONFIDENTIAL, INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF
YOU, THE READER OF THIS MESSAGE, ARE NOT THE INTENDED RECIPIENT OF THIS
FAX TRANSMISSION, YOU ARE HEREBY NOTIFIED THAT ANY COPYING, DISTRIBUTION
OR DISSEMINATION OF THIS FAX, AND ALL PAPERS WITH IT, IS STRICTLY
PROHIBITED. IF YOU RECEIVED THIS FAX IN ERROR, KINDLY NOTIFY US
IMMEDIATELY AT OUR TELEPHONE NUMBER LISTED ABOVE, SO THAT WE MAY
ARRANGE FOR RETURN OF THIS FAX TO US AT NO COST TO YOU. THANK YOU.*

## AFFIDAVIT OF SERVICE BY FAX & MAIL

Paul Michele Filipanics, being duly sworn, deposes and says, that he is not a party to the within

action, is over 18 years of age and resides in New York State.

That on the 27th day of September, 2007, affiant served the within **Notice of Change of**

**Address** upon defendant by faxing and mailing a true copy of the same to their offices via U.S.

Mail, in a sealed envelope with postage prepaid thereon, addressed to:

Sioban M. Sweeney, Esq.
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, Mass 02199
F: 888-325-9182


This true copy was sent to the address referenced above by depositing the envelope in an official

depository of the United States Postal Service within the State of New York.

PAUL MICHELE FILIPANICS

Sworn to before me this
2nd of October, 2007

NOTARY PUBLIC

HENRY L. SAURBORN JR.
Notary Public, State of New York
No. 31-4983532
Qualified in New York County
Commission Expires July 1, 20 _11_

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐ **Attorney's Certification**  certify that the annexed
has been compared by me with the original and found to be a true and complete copy thereof.

☐ **Attorney's Verification by Affirmation**  say that: I am the attorney of record, or of counsel with the attorney(s) of record, for
. I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

The reason I make this affirmation instead of                    is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:

.............................................................................

*(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                    ss:
being sworn says: I am

☐ **Individual Verification**  in the action herein; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.
the                    of

☐ **Corporate Verification**  a corporation, one of the parties to the action; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.
My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                    , 20

.............................................................................

*(Print signer's name below signature)*

.............................................................................

STATE OF NEW YORK, COUNTY OF                    ss:
being sworn says: I am not a party to the action, am over 18 years of age and reside at
On                    , 20    , I served a true copy of the annexed
in the following manner:

☐ **Service by Mail**  by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

☐ **Personal Service**  by delivering the same personally to the persons at the address indicated below:

☐ **Service by Electronic Means**  by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the attorney for that purpose. In doing so I received a signal from the equipment of the attorney indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

☐ **Overnight Delivery Service**  by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

Sworn to before me on                    , 20

.............................................................................

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

DONG SHAW,

                       Plaintiff,

       - against -

BANK OF AMERICA,

                      Defendant.

## NOTICE OF CHANGE OF ADDRESS

### KAISER SAURBORN & MAIR, P.C.
**COUNSELORS AT LAW**

*Attorneys for*

Plaintiff

**20 EXCHANGE PLACE**
**NEW YORK, NEW YORK 10005**
**(212) 338-9100**

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* ............................................      Signature...........................................................................................

                                  Print Signer's Name...................................................................................

*Service of a copy of the within*                                   *is hereby admitted.*

*Dated:*

                            .............................................................................

                             *Attorney(s) for*

*PLEASE TAKE NOTICE*

Check Applicable Box

☐
NOTICE OF ENTRY

*that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within named Court on*            *20*

☐
NOTICE OF SETTLEMENT

*that an Order of which the within is a true copy will be presented for settlement to the*
*Hon.*                       *one of the judges of the within named Court,*
*at*
*on*            *20*     *, at*             *M.*

*Dated:*

                                   **KAISER SAURBORN & MAIR, P.C.**
                                    **COUNSELORS AT LAW**

                    *Attorneys for*

                                      **20 EXCHANGE PLACE**
                                    **NEW YORK, NEW YORK 10005**

*To:*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x

DONG SHAW,                                      Index No.: 110639/07

        Plaintiff,

   -against-                                    **NOTICE OF CHANGE
                                     OF ADDRESS**

BANK OF AMERICA,

        Defendants.                             FILED

-------------------------------------------------------------------X        NOV 15 2007

                                    NEW YORK
                                COUNTY CLERKS OFFICE

      PLEASE TAKE NOTICE that Kaiser Saurborn & Mair, P.C., counsel for plaintiff in the

above-captioned matter, has moved its offices to 111 Broadway, 18th floor, New York, New

York 10006, effective October 1, 2007.  Our telephone and facsimile numbers remain the same.

Dated: New York, New York
        September 25, 2007

                          Kaiser Saurborn & Mair, P.C.
                          Attorneys for plaintiff

                          By:_____
                          Daniel J. Kaiser
                          111 Broadway, 18th floor
                          New York, New York 10006
                          (212) 338-9100

TO:

      Sioban M. Sweeney, Esq.
      Edwards Angell Palmer & Dodge LLP
      111 Huntington Avenue
      Boston, Mass 02199
      Attorneys for defendant

                                  RECEIVED

                                  OCT 05 2007

                              TRIAL SUPPORT OFFICE

    Trial support/motion support office

11/15/2007

MODE = MEMORY TRANSMISSION          START=SEP-27 15:41     END=SEP-27 15:42

    FILE NO.= 097

STN NO.    COM    ABBR NO.    STATION NAME/TEL.NO.    PAGES    DURATION

  001      OK      ≈          18883259182             002/002  00:00'37"

                                             -KAISER SAURBORN & MAIR   -

******************************** -KAISER SAURBORN - ***** -      212 338 9088- *********

## KAISER SAURBORN & MAIR, P.C.
### COUNSELORS AT LAW

111 Broadway
New York, New York 10006
TEL: (212) 338-9100
FAX:(212) 338-9088

### Fax Transmission

Date:          September 27, 2007

To:            **Sioban M. Sweeney Esq.**

Fax No.:       888-325-9182

Re:            **Dong Shaw v. Bank Of America**

From:          Daniel J. Kaiser, Esq.

Total pages including this cover sheet:   2
**REMARKS:**

NOTE:

*THE INFORMATION CONTAINED IN THIS FAX MESSAGE IS LEGALLY PRIVILEGED AND
CONFIDENTIAL, INTENDED ONLY FOR THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF
YOU, THE READER OF THIS MESSAGE, ARE NOT THE INTENDED RECIPIENT OF THIS
FAX TRANSMISSION, YOU ARE HEREBY NOTIFIED THAT ANY COPYING, DISTRIBUTION
OR DISSEMINATION OF THIS FAX, AND ALL PAPERS WITH IT, IS STRICTLY
PROHIBITED. IF YOU RECEIVED THIS FAX IN ERROR, KINDLY NOTIFY US
IMMEDIATELY AT OUR TELEPHONE NUMBER LISTED ABOVE, SO THAT WE MAY
ARRANGE FOR RETURN OF THIS FAX TO US AT NO COST TO YOU. THANK YOU.*

## AFFIDAVIT OF SERVICE BY FAX & MAIL

Paul Michele Filipanics, being duly sworn, deposes and says, that he is not a party to the within

action, is over 18 years of age and resides in New York State.

That on the 27th day of September, 2007, affiant served the within **Notice of Change of**

**Address** upon defendant by faxing and mailing a true copy of the same to their offices via U.S.

Mail, in a sealed envelope with postage prepaid thereon, addressed to:

Sioban M. Sweeney, Esq.
Edwards Angell Palmer & Dodge LLP
111 Huntington Avenue
Boston, Mass 02199
F: 888-325-9182


This true copy was sent to the address referenced above by depositing the envelope in an official

depository of the United States Postal Service within the State of New York.

PAUL MICHELE FILIPANICS

Sworn to before me this
2nd of October, 2007

NOTARY PUBLIC

HENRY L. SAURBORN JR.
Notary Public, State of New York
No. 31-4983532
Qualified in New York County
Commission Expires July 1, 20 _11_

I, the undersigned, am an attorney admitted to practice in the courts of New York, and

☐ certify that the annexed
has been compared by me with the original and found to be a true and complete copy thereof.

**Attorney's Certification**

☐ say that: I am the attorney of record, or of counsel with the attorney(s) of record, for
. I have read the annexed

**Attorney's Verification by Affirmation**

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following.

The reason I make this affirmation instead of                                        is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:

.................................................................................
*(Print signer's name below signature)*

STATE OF NEW YORK, COUNTY OF                                ss:
being sworn says: I am

☐ in the action herein; I have read the annexed

**Individual Verification**

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

the                                        of
a corporation, one of the parties to the action; I have read the annexed

**Corporate Verification**

know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                        , 20

.................................................................................
*(Print signer's name below signature)*

...........................................................................

STATE OF NEW YORK, COUNTY OF                                ss:
being sworn says: I am not a party to the action, am over 18 years of age and reside at

On                        , 20    , I served a true copy of the annexed
in the following manner:

☐ by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

**Service by Mail**

☐ by delivering the same personally to the persons at the address indicated below:

**Personal Service**

☐ by transmitting the same to the attorney by electronic means to the telephone number or other station or other limitation designated by the attorney for that purpose. In doing so I received a signal from the equipment of the attorney indicating that the transmission was received, and mailed a copy of same to that attorney, in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of the addressee(s) as indicated below:

**Service by Electronic Means**

☐ by depositing the same with an overnight delivery service in a wrapper properly addressed. Said delivery was made prior to the latest time designated by the overnight delivery service for overnight delivery. The address and delivery service are indicated below:

**Overnight Delivery Service**

Sworn to before me on                        , 20

...........................................................................

*Index No.* 110639          *Year 20* 07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

*FILED*

*NOV 15 2007*

*NEW YORK*
*COUNTY CLERKS OFFICE*

DONG SHAW,

                              Plaintiff,

          - against -

BANK OF AMERICA,

                              Defendant.

NOTICE OF CHANGE OF ADDRESS

**KAISER SAURBORN & MAIR, P.C.**
**COUNSELORS AT LAW**

*Attorneys for*

Plaintiff

**20 EXCHANGE PLACE**
**NEW YORK, NEW YORK 10005**
**(212) 338-9100**

*Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.*

*Dated:* ........................................          Signature ................................................................................................................

                                        Print Signer's Name ..............................................................................................

*Service of a copy of the within*                                        *is hereby admitted.*

*Dated:*

                              .............................................................................
                              *Attorney(s) for*

*PLEASE TAKE NOTICE*

☐   that the within is a (certified) true copy of a
NOTICE OF   entered in the office of the clerk of the within named Court on                              *20*
ENTRY

☐   that an Order of which the within is a true copy will be presented for settlement to the
NOTICE OF   Hon.                              one of the judges of the within named Court,
SETTLEMENT   at
       on                              *20*          *, at*                    *M.*

*Dated:*

                              **KAISER SAURBORN & MAIR, P.C.**
                              **COUNSELORS AT LAW**

          *Attorneys for*

                              **20 EXCHANGE PLACE**
                              **NEW YORK, NEW YORK 10005**

*To:*

820/8 (Rev. 2/2000)

119

# REQUEST FOR JUDICIAL INTERVENTION

| Supreme | NY | 110639-07 | 8/3/07 |
|---|---|---|---|
| COURT | COUNTY | INDEX NO. | DATE PURCHASED |

PLAINTIFF(S):

Dong Shaw

DEFENDANT(S):

Bank of America  2-4-08

**For Clerk Only**

1-22-08
000470

IAS entry date

000792  PTC
Sisto

Judge Assigned

2-4-08

RJI Date

M001

Date issue joined: __9/20/07__ Bill of particulars served (Y/N):  [ ]Yes  [X]No

## NATURE OF JUDICIAL INTERVENTION (check ONE box only AND enter information)

[ ] Request for preliminary conference

[ ] Note of issue and/or certificate of
    readiness

[X] Notice of motion (return date: 2/4/08)
    Relief sought pro hac vice application

[ ] Order to show cause
    (clerk enter return date:_____)
    Relief sought _____

[ ] Other ex parte application (specify:

_____)

SRWC

[ ] Notice of petition (return date:_____)
    Relief sought _____

[ ] Notice of medical or dental malpractice
    action (specify:_____)

[ ] Statement of net worth

[ ] Writ of habeas corpus VAL 2

[ ] Other (specify: INDEX NUMBER 110639 YEAR 2007
    8 RJI FEE                    95.00
    15 MOTIONS                   45.00
    TOTAL                       140.00
    CHECK                        95.00
    CHECK                        45.00

CONS CASHIER    DATE    TIME  TERM
05665 1000   NB JAN 10 10:17 AM 60-3

## NATURE OF ACTION OR PROCEEDING (Check ONE box only)

**MATRIMONIAL**
| | |
|---|---|
| [ ] Contested | -CM |
| [ ] Uncontested | -UM |

**COMMERCIAL**
| | |
|---|---|
| [ ] Contract | -CONT |
| [ ] Corporate | -CORP |
| [ ] Insurance (where insurer is a party, except arbitration) | -INS |
| [ ] UCC (including sales, negotiable instruments) | -UCC |
| [ ] *Other Commercial | -OC |

**REAL PROPERTY**
| | |
|---|---|
| [ ] Tax Certiorari | -TAX |
| [ ] Foreclosure | -FOR |
| [ ] Condemnation | -COND |
| [ ] Landlord/Tenant | -LT |
| [ ] *Other Real Property | -ORP |

OTH

**OTHER MATTERS**
| | |
|---|---|
| [X] Employment law | -OTH |

**TORTS**

**Malpractice**
| | |
|---|---|
| [ ] Medical/Podiatric | -MM |
| [ ] Dental | -DM |
| [ ] *Other Professional | -OPM |

| | |
|---|---|
| [ ] Motor Vehicle | -MV |
| [ ] *Products Liability | -PL |

| | |
|---|---|
| [ ] Environmental | -EN |
| [ ] Asbestos | -ASB |
| [ ] Breast Implant | -BI |
| [ ] *Other Negligence | -OTN |

| | |
|---|---|
| [ ] *Other Tort (including intentional) | -OT |

**SPECIAL PROCEEDINGS**
| | |
|---|---|
| [ ] Art. 75 (Arbitration) | -ART75 |
| [ ] Art. 77 (Trusts) | -ART77 |
| [ ] Art. 78 | -ART78 |
| [ ] Election Law | -ELEC |
| [ ] Guardianship (MHL Art. 81) | -GUARD81 |
| [ ] *Other Mental Hygiene | -MHYG |
| [ ] *Other Special Proceeding | -OSP |

Is this action/proceeding against a

| YES | NO | | YES | NO | |
|---|---|---|---|---|---|
| ( ) | [✓] Municipality: | | ( ) | [✓] Public Authority: | |
| | (Specify_____) | | | (Specify_____) | |

| YES | NO | |
|---|---|---|
| ( ) | [✓] | Does this action/proceeding seek equitable relief? |
| ( ) | [✓] | Does this action/proceeding seek recovery for personal injury? |
| ( ) | [✓] | Does this action/proceeding seek recovery for property damage? |

Pre-Note Time Frames:
(This applies to all cases except contested matrimonials and tax certiorari cases)

Estimated time period for case to be ready for trial (from filing of RJI to filing of Note of Issue):

☐ Expedited: 0-8 months    ✓Standard: 9-12 months    ☐ Complex: 13-15 months

Contested Matrimonial Cases Only: (Check and give date)

Has summons been served?     ☐ No     ☐ Yes, Date_____

Was a Notice of No Necessity filed? ☐ No     ☐ Yes, Date_____

ATTORNEY(S) FOR PLAINTIFF(S):

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | DANIEL KAISER from Kaiser Saurborn + Mair, PC | 20 Exchange Place, NY, 10005 | (212) 338-9100 |
| ☐ | | | |

ATTORNEY(S) FOR DEFENDANT(S):

| Self Rep.* | Name | Address | Phone # |
|---|---|---|---|
| ☐ | LAURIE MORRISON from Edwards Angell Palmer + Dodge LLP | 750 Lexington, NY, 10022 | (212) 912-2916 |
| ☐ | | | |

*Self Represented: parties representing themselves, without an attorney, should check the "Self Rep." box and enter their name, address, and phone # in the space provided above for attorneys.

INSURANCE CARRIERS:

N/A

RELATED CASES: (IF NONE, write "NONE" below)

| Title | Index # | Court | Nature of Relationship |
|---|---|---|---|

I AFFIRM UNDER PENALTY OF PERJURY THAT, TO MY KNOWLEDGE, OTHER THAN AS NOTED ABOVE, THERE ARE AND HAVE BEEN NO RELATED ACTIONS OR PROCEEDINGS, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION PREVIOUSLY BEEN FILED IN THIS ACTION OR PROCEEDING.

Dated: 1/9/08

_____
(SIGNATURE)

LAURIE MORRISON
(PRINT OR TYPE NAME)

attorney for defendant Bank of America
ATTORNEY FOR

ATTACH RIDER SHEET IF NECESSARY TO PROVIDE REQUIRED INFORMATION

\forms\rji2000.wpd

AFFIDAVIT OF SERVICE

STATE OF NEW YORK      :
                       .ss:
COUNTY OF NEW YORK  :

JOHN FRANCAVILLO, being duly sworn, deposes and says:

I am not a party to this action. I am over the age of 18 years and employed by Edwards Angell Palmer & Dodge, LLP.

On January 9, 2008 I served the attached Notice of Motion, Affirmation in support, and RJI upon Kaiser Sauborn & Mair, P.C., at 20 Exchange Place, 11th floor, New York, New York 10005 by mailing ture copies in a post paid, properly addressed wrapper under the exclusive care of the U.S. Postal Service within the state of New York.

JOHN FRANCAVILLO

Sworn to before me this
9th day of January 2008

Notary Public

GLENN M. HUZINEC
Notary Public, State of New York
No. 01HU4873127
Qualified in Kings County and NY County
Commission Expires Oct. 6, 2010

# 110639

# 200

INDEX#: 110639 DATE: 08/03/2007 FEE: Y

SHAW DONG

VS

BANK OF AMERICA

8/3/07 slc

8/20/07 Assid

9/13/07 Stip

9/20/07 A-NS

10/5/07 notice

11/15/07 notice

03/21/08 IAS pt 10

05/02/08 stip/PCC

05/16/08 Notice

## COUNTY CLERK, NEW YORK COUNTY

Application for INDEX NUMBER pursuant to Section 8018, C.P.L.R.

### FEE $210.00

| INDEX NUMBER |
| --- |
| Do not write in this space |

Space below to be TYPED or PRINTED by applicant

### TITLE OF ACTION OR PROCEEDING

Dong Shaw,
        Plaintiff,
-against-
Bank of America,
        Defendant

**CHECK ONE**

| | | |
| --- | --- | --- |
| ☐ COMMERCIAL ACTION | ☑ | NOT COMMERCIAL ACTION |
| ☐ CONSUMER CREDIT TRANSACTION | ☑ | NOT CONSUMER CREDIT TRANSACTION |
| ☐ THIRD PARTY ACTION | ☑ | NOT THIRD PARTY ACTION |

**IF THIRD PARTY ACTION**
**MAIN INDEX NO.** _____

**Name and address of Attorney for Plaintiff or Petitioner. Telephone No.**
David J. Kaiser, Esq.
Kaiser Sawborn + Mair P.C.
20 Exchange Place, 1st Fl.
New York ON.Y. 10005
T: 212-338-9100

07110639

**Name and address of Attorney for Defendant or Respondent. Telephone No.**

**A.** Nature and object of action or Nature of special proceeding  Employment Discrimination and Retaliation

**B.** Application for Index Number filed by:  Plaintiff ☑  Defendant ☐

**C.** Was a previous Third Party Action filed  Yes ☐  No ☑
Date filed _____

Laurie E. Morrison
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant
750 Lexington Avenue
New York, New York 10022
(212) 308-4411



000792

000470

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

DONG SHAW,

                Plaintiff,

- against -

BANK OF AMERICA,

             Defendant.

Index No.: 110639/07

**NOTICE OF MOTION**
**FOR PRO HAC VICE ADMISSION**

    PLEASE TAKE NOTICE that, upon the annexed affirmation of Laurie E. Morrison, dated January 9, 2008, together with the exhibit thereto, defendant will move this Court, at Room 130, Motion Support Courtroom, at the Courthouse at 60 Centre Street, New York, New York, 10007, on the 4th day of February, 2008, at 9:30a.m., or as soon thereafter as counsel can be heard, for an order admitting Siobhan Michele Sweeney, Esq. pro hac vice pursuant to 22 NYCRR 602.2(a).

    PLEASE TAKE FURTHER NOTICE that, pursuant to C.P.L.R. 2214(b), plaintiff's opposition papers are due seven days prior to the return date.

Dated: January 9, 2008

Laurie E. Morrison, Esq.
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant
750 Lexington Avenue
New York, NY 10022
(212) 308-4411



TO:    Attorneys for Plaintiff
       KAISER SAURBORN & MAIR, P.C.
       20 Exchange Place, 11th Floor
       New York, New York 10005
       (212) 338-9100

Laurie E. Morrison
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Defendant
750 Lexington Avenue
New York, New York 10022
(212) 308-4411

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

DONG SHAW,

                    Plaintiff,

   - against -

BANK OF AMERICA,

                    Defendant.

Index No.: 110639/07

**AFFIRMATION OF LAURIE E. MORRISON IN SUPPORT OF THE MOTION FOR PRO HAC VICE ADMISSION**

      LAURIE E. MORRISON, a member of the bar of the state of New York affirm the following under penalty of perjury:

      1.     I am a member of the bar of the state of New York, and I am an associate of the firm of Edwards Angell Palmer & Dodge LLP, attorneys for defendant.

      2.     I make this affirmation in support of defendant's motion for the admission pro hac vice of Siobhan Michele Sweeney, a member of my firm.

      3.     Annexed as exhibit A is a certificate of Ms. Sweeney's good standing in the State of Massachusetts.

      4.     I have worked with Ms. Sweeney and know her to be an excellent attorney of the highest professional and ethical standards.

Dated:  January 9, 2008

_____
Laurie E. Morrison

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

———————

BE IT REMEMBERED, that at the Supreme Judicial Court holden at Boston within and for said County of Suffolk, on the **eighteenth** day of **December** A.D. **1992**, said Court being the highest Court of Record in said Commonwealth:

## Siobhan M. Sweeney

being found duly qualified in that behalf, and having taken and subscribed the oaths required by law, was admitted to practice as an Attorney, and, by virtue thereof, as a Counsellor at Law, in any of the Courts of the said Commonwealth: that said Attorney is at present a member of the Bar, and is in good standing according to the records of this Court*.

In testimony whereof, I have hereunto set my hand and affixed the seal of said Court, this **nineteenth** day of **December** in the year of our Lord **two thousand and seven.**

MAURA S. DOYLE, Clerk

* Records of private discipline, if any, such as a private reprimand imposed by the Board of Bar Overseers or by any court, are not covered by this certification.

X3116

AFFIDAVIT OF SERVICE

STATE OF NEW YORK          :
                                                    .ss:
COUNTY OF NEW YORK    :

JOHN FRANCAVILLO, being duly sworn, deposes and says:

I am not a party to this action. I am over the age of 18 years and employed by Edwards Angell Palmer & Dodge, LLP.

On January 9, 2008 I served the attached Notice of Motion, Affirmation in support, and RJI upon Kaiser Sauborn & Mair, P.C., at 20 Exchange Place, 11th floor, New York, New York 10005 by mailing ture copies in a post paid, properly addressed wrapper under the exclusive care of the U.S. Postal Service within the state of New York.

_____
JOHN FRANCAVILLO

Sworn to before me this
9th day of January 2008

_____
Notary Public

GLENN M. HUZINEC
Notary Public, State of New York
No. 01HU4873127
Qualified in Kings County and NY County
Commission Expires Oct. 6, 2010

# EDWARDS ANGELL PALMER & DODGE LLP

FILED

MAR 2 1 2008

NEW YORK
COUNTY CLERK



SUPREME COURT OF THE STATE OF NEW YORK — NEW YORK COUNTY

PRESENT: ___JUDITH J. GISCHE, J.S.C.___                    PART _10_

Index Number : 110639/2007

SHAW, DONG

vs

BANK OF AMERICA

Sequence Number : 001

SUBT/WITHDRAW/RELIEVE COUNSEL

INDEX NO.                _____

MOTION DATE            _____

MOTION SEQ. NO.       _____

MOTION CAL. NO.        _____

The following papers, numbered 1 to _____ were read on this motion to/for _____

|  | PAPERS NUMBERED |
| --- | --- |
| Notice of Motion/ Order to Show Cause — Affidavits — Exhibits ... | _____ |
| Answering Affidavits — Exhibits | _____ |
| Replying Affidavits | _____ |

Cross-Motion:  ☐ Yes  ☐ No

Upon the foregoing papers, it is ordered that this motion

RECEIVED
MAR 2 1 2008
MOTION SUPPORT
OFFICE

motion (s) and cross-motion(s)
decided in accordance with
the annexed decision/order
of even date.

FILED

MAR 2 1 2008

NEW YORK
COUNTY CLERK'S OFFICE

FOR THE FOLLOWING REASON(S):

Dated: ___3|12|08___

JUDITH J. GISCHE, J.S.C.  J.S.C.

Check one:  ☐ FINAL DISPOSITION   ☒ NON-FINAL DISPOSITION

Check if appropriate:   ☐ DO NOT POST      ☐ REFERENCE

M JJAF

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 10
-----------------------------------------------------------x

DONG SHAW,

                    Plaintiff,

          -against-

BANK OF AMERICA,

                    Defendant.

-----------------------------------------------------------x

**Decision/Order**

Index No.:     110639/07
Seq. No. :     001

Present:
Hon. Judith J. Gische
                    J.S.C.

*FILED*

MAR 2 1 2008

NEW YORK
COUNTY
CLERKS OFFICE

Recitation, as required by CPLR 2219 [a], of the papers considered in the review of this (these) motion(s):

**Papers**                                                                           **Numbered**
Pltf's motion [pro hac vice] w/LEM affid in support, exhs . . . . . . . . . . . . . . . . . . . . . . .  1
-------------------------------------------------------------------------------------------

*Upon the foregoing papers, the decision and order of the court is as follows:*

This motion is by defendant, on behalf of attorney Siobhan Michele Sweeney,

Esq.  Attorney Sweeney seeks admission *pro hac vice* to the Supreme Court of the

State of New York, New York County, in connection with the above-captioned action, so

that she may represent defendant.  New York Rules of Court §§ 520.11 and 602.2.

The motion, which has been served on plaintiff, has been submitted to the court

without opposition.  Defendant has provided to the court proof of Attorney Sweeney's

good standing with the Massachusetts bar.  New York Rules of Court § 520.11 [a].  In

further support of it's application, defendant has provided the affirmation of Laurie E.

Morrison, Esq.

Accordingly, defendant's motion is granted as unopposed.



It is hereby:

**ORDERED** that the motion by defendant to have Siobhan Michele Sweeney, Esq

admitted *pro hac vice* is hereby GRANTED; and it is further

**ORDERED** that Siobhan Michele Sweeney, Esq is hereby admitted *pro hac vice*

for all purposes in connection with the above-captioned action, and she shall be familiar

with and shall comply with the standards of professional conduct imposed upon

members of the New York bar, and other rules governing the conduct of attorneys.

New York Court Rules § 520.11[d].

This shall constitute the decision and order of the Court.

Dated:        New York, New York
              March _13_, 2008

So Ordered:

HON. JUDITH J. GISCHE, J.S.C.

FILED

MAR 2 1 2008

NEW YORK
COUNTY CLERK'S OFFICE

Page 2 of 2

3/21/2008

SUPREME COURT FOR THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------

DONG SHAW,                                    )
                                              )    Index No.: 110639/07
            Plaintiff,                        )
                                              )
                                              )
                                              )
BANK OF AMERICA,                              )    STIPULATION AND ORDER
                                              )
            Defendant.                        )

---------------------------------------------------

**WHEREAS,** Plaintiff Dong Shaw ("Plaintiff") claims that defendant Bank of America

("Defendant") terminated his employment on August 8, 2006 because of his race (Asian) and

national origin (China) in violation of New York Human Rights Law and New York City Human

Rights Law. Plaintiff also asserts that the Defendant retaliated against him after he complained

about alleged discrimination. Defendant denies engaging in any discriminatory or retaliatory

conduct. Defendant asserts that it legitimately terminated Plaintiff's employment due to his

sustained and documented history of poor performance, which he failed to remedy despite being

given opportunities to improve.

**IT IS STIPULATED AND AGREED** by counsel for the parties that the following

disclosures and deadlines shall apply to this matter:

1.     <u>INSURANCE COVERAGE</u>: Not applicable.

2.     <u>BILL OF PARTICULARS</u>: Not applicable.

3.     <u>MEDICAL REPORTS AND AUTHORIZATIONS</u>: Not applicable.

4.     <u>PHYSICAL EXAMINATION</u>: Not applicable.

FILED
MAY 02 2008
NEW YORK
COUNTY CLERKS OFFICE

BOS 620776.1

5.    DEPOSITIONS: Plaintiff's deposition shall be held on either May 20 or 21, 2008 or another date in May that is reasonably available to all of the parties. Defendant's deposition will be subsequently scheduled on a date that is reasonably convenient for the parties.

6.    OTHER DISCLOSURE: Plaintiff's responses to Defendant's request for admissions shall be served by April 21, 2008. Plaintiff shall serve his answers to interrogatories, written document responses, and responsive documents by May 5, 2008.

7.    COMPLIANCE CONFERENCE: October 30, 2008 at 9:30 a.m.

8.    IMPLEADER: Not applicable.

9.    END DATE FOR ALL DISCLOSURES: December 31, 2008

10.    MOTIONS: ~~Any dispositive motion(s) shall be made on or before: March 2, 2009 (60 days after the close of discovery).~~ *as per CPLR 3212 (120 days)*

11.    NOTE OF ISSUE: Either Plaintiff or Defendant shall file a note of issue/certificate of readiness on or before January 14, 2009 (14 days after the close of discovery).

12.    Based on this Stipulation and Order, the Preliminary Conference scheduled for April 17, 2008, at 9:30 a.m. ~~is cancelled.~~ *is proceeded.*

Respectfully submitted,

_____
Ivan R. Novich, Esq.
Counsel for Defendant
Edwards Angell Palmer & Dodge LLP
750 Lexington Avenue
New York, NY 10022
Tele. No. (973) 921-5227
Fax No. (973) 376-3380

Dated: April 17, 2008

Respectfully submitted,

_____
Daniel J. Kaiser, Esq.
Counsel for Plaintiff
Kaiser Saurborn & Mair, P.C.
20 Exchange Place, 11th Floor
New York, New York 10005
Tele. No. (212) 338-9100

Dated: April 16, 2008

310013



FILED
MAY 02 2008
NEW YORK
COUNTY CLERKS OFFICE

-2-

DATES SET FORTH ABOVE MAY NOT BE ADJOURNED EXCEPT WITH ADVANCE
APPROVAL OF THE COURT.

SO ORDERED:

HON. JUDITH J. GISCHE, J.S.C.C.

Dated: April 17, 2008

# SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK

**INDIVIDUAL ASSIGNMENT PART [OR JUSTICE]** _____

Dng Shaw

_Plaintiff(s)_,

- against -

Bank of America

_Defendant(s)_.

| | |
|---|---|
| **Index No.** | 110639/07 |
| **DCM Track** | _____ |

## PRELIMINARY CONFERENCE ORDER

(202.8, 202.12 and 202.19 of the Uniform Rules)

**APPEARANCES**

Plaintiff(s): Edwards Angell Palmer + Dodge

Defendant(s): Kaiser Sanborn

It is hereby ORDERED that disclosure shall proceed as follows:

(1) **Insurance Coverage**: If not already provided, shall be furnished by _____ on or before _____.

(2) **Bill of Particulars**:
   (a) Demand for a bill of particulars shall be served by _____ on or before _____.
   (b) Bill of particulars shall be served by _____ on or before _____.
   (c) A supplemental bill of particulars shall be served by _____ as to Items _____ on or before _____.

(3) **Medical Reports and Authorizations**:
   Shall be served as follows: _____

(4) **Physical Examination**:
   (a) Examination of _____ shall be held _____
   (b) A copy of the physician's report shall be furnished to plaintiff within _____ days of the examination.

(5) **Depositions**: Depositions of ☐ Plaintiff(s) ☐ Defendant(s) ☐ All Parties shall be held _____

(6) **Other Disclosure**:
   (a) All parties, on or before _____, shall exchange names and addresses of all eye witnesses and notice witnesses, statements of opposing parties, and photographs, or, if none, provide an affirmation to that effect.
   (b) Authorization for plaintiff(s)' employment records for the period _____ shall be furnished on or before _____.
   (c) Demand for discovery and inspection shall be served by _____ on or before _____. The items sought shall be produced to the extent not objected to, and objections, if any, shall be stated on or before _____.
   (d) Other [interrogatories, etc.] _____

TS-13a (REV 4/15/02)

Case Name: _____    Index No: _____    PC ORDER - Page 2

**(7) End Date for All Disclosure:**

_____

_____

**(8) Impleader:** Shall be completed on or before _____

**(9) Compliance Conference:** Shall be held on _____

**(10) Motions:** Any dispositive motion(s) shall be made on or before _____

**(11) Note of Issue:** _____ shall file a note of issue/certificate of readiness on or before _____ . A copy of this order, an affirmation stating that the terms of the order have been complied with, and an affidavit of service of the affirmation and note of issue shall be served and filed with the note of issue on or before said date.

**FAILURE TO COMPLY WITH ANY OF THESE DIRECTIVES MAY RESULT IN THE IMPOSITION OF COSTS OR SANCTIONS OR OTHER ACTION AUTHORIZED BY LAW.**

**SO ORDERED:**

Dated:    4/11/08

_____
JUDITH J GISCHE, J.S.C.    *J.S.C.*

**ADDITIONAL DIRECTIVES**

In addition to the directives set forth above, it is further ORDERED as follows:

_____

_____

FILED
MAY 02 2008
NEW YORK
COUNTY CLERKS OFFICE

_____

_____

_____

_____

_____

_____

_____

Dated:

**SO ORDERED:**

_____
*J.S.C.*

TS-13a  (REV 4/15/02)

5/2/2008

EDWARDS ANGELL PALMER & DODGE, LLP
One Giralda Farms
Madison, NJ 07940
Telephone: (973) 520-2300
Facsimile: (973) 520-2600
Attorneys for Defendant Bank of America

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
—————————————————————————

DONG SHAW,

                Plaintiff,

   - against -

BANK OF AMERICA,

                Defendant.
—————————————————————————

Index No.: 110639/07

**NOTICE OF FILING NOTICE OF
REMOVAL BY DEFENDANT BANK
OF AMERICA, N.A.**

To:    New York County Clerk
       New York Supreme Court
       60 Centre Street
       Room 141B
       New York, NY 10070

Sir or Madam:

       PLEASE TAKE NOTICE that on this date defendant Bank of America, N.A. filed

a Notice of Removal of the above entitled action with the Clerk of the United States District

Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. A

copy of the defendant's Notice of Removal is annexed hereto as Exhibit 1.

                             EDWARDS ANGELL PALMER & DODGE, LLP
                             Attorneys for Defendant
                             Bank of America, N.A.

                             By: _____
                                  Ivan R. Novich, Esq.

**FILED**

Dated: May 14, 2008

MAY 1 6 2008

NEW YORK
COUNTY CLERK'S OFFICE

NWK 212551.1

- 1 -

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

DONG SHAW,                                      :
                                                :
        Plaintiff,                              :
                                                :
v.                                              :        C.A. No.:
                                                :
BANK OF AMERICA,                                :
                                                :
        Defendant.                              :

## <u>NOTICE OF REMOVAL</u>

Pursuant to 28 U.S.C. §§1441(a), 1441(b) and 1446 and Local Civil Rule 81.1, and for

the sole purpose of removing this matter to the United States District Court for the Southern

District of New York, Defendant Bank of America, N.A., incorrectly identified by Plaintiff Dong

Shaw ("Plaintiff") as "Bank of America" ("Defendant"), states:

1.      <u>State Court Action</u>.

Plaintiff filed this action against Defendant in the New York State Supreme Court,

County of New York, Index No. 100639-2007, on or about August 3, 2007. A copy of the

Summons and Complaint that were served on Defendant's statutory agent on or about August 13,

2007 are attached as <u>Exhibit 1</u>.

2.      <u>Diversity of Citizenship</u>.

On March 14, 2008, Defendant served a Notice To Admit on Plaintiff, a copy of which is

attached as <u>Exhibit 2</u>. On April 21, 2008, Plaintiff served his Responses To Defendant's Notice

To Admit (the "Admission Responses"), a copy of which is attached as <u>Exhibit 3</u>. In Admission

Response No. 1, Plaintiff admitted that he is a citizen of the State of New York. In Admission

Response No. 3, Plaintiff admitted that his permanent residence is in the State of New York.

Upon information and belief, Plaintiff's address is 68-22 Clyde Street, Forest Hills, New York.

As Defendant stated in Paragraph 2 of its Answer, a copy of which is attached as Exhibit 4, Defendant is a national banking association formed under the laws of the United States of America with its principal place of business in Charlotte, North Carolina. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

3.    Amount in Controversy

The Complaint contains two causes of action alleging national origin/race discrimination and retaliation in violation of New York Executive Law § 296 and New York City Administrative Code § 8-502(a), et seq. In Admission Response No. 5, Plaintiff admitted that, through this litigation, he is seeking damages that exceed the sum or value of $75,000, exclusive of interest and costs. In addition, Plaintiff admitted in Admission Response No. 4 that he is seeking "economic damages resulting from lost past and future earnings," as alleged in Paragraph 25 of the Complaint, that exceed the sum or value of $75,000, exclusive of interest and costs. Because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, jurisdiction is conferred on this Court by 28 U.S.C. § 1332.

4.    Diversity Jurisdiction.

This action is one under which the Court has original jurisdiction pursuant to 28 U.S.C. §1332 and which may be removed to this Court pursuant to 28 U.S.C. §1441, as it is a civil action in which the Plaintiff is a resident of the State of New York and the Defendant is not, and in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.    Timeliness of Notice of Removal.

Plaintiff's Complaint provided no information identifying the amount of damages he was seeking to recover, nor did it suggest the sum or value of the amount in controversy. Therefore,

the case stated by the initial pleading was not removable. On April 21, 2008, however,

Defendant received Plaintiff's Admission Responses. It was from these Admission Responses

that it was first ascertained that the action was one which had become removable. Defendant has

filed this Notice of Removal within thirty days after receipt of Plaintiff's Admission Responses.

Removal of this action is, therefore, timely under 28 U.S.C. § 1446(b).

6.    <u>Relief Requested</u>.

Defendant requests that the United States District Court for the Southern District of New

York assume jurisdiction over the above-captioned action and issue such further orders and

processes as may be necessary to bring before it all parties necessary for the trial of this action.


The Defendant,
By and through its Attorneys,
EDWARDS ANGELL PALMER &
DODGE LLP


Ivan Novich, Esq.
One Giralda Farms
Madison, NJ 07940
Telephone No. (973) 921-5227
Fax No. (888)325-9515
inovich@eapdlaw.com


Dated:  May 14, 2008

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK      )
                            )ss.:

COUNTY OF NEW YORK    )

         Glenn M. Huzinec, being duly sworn deposes and says: I am over 18 years of age,

and I am not a party to the within action, and I am employed by Edwards Angell Palmer &

Dodge LLP.  On the 16th day of May, 2008, I served The Notice of Filing of The Notice of

Removal upon:

> Daniel J. Kaiser
> Kaiser Saurborn & Mair, P.C.
> 111 Broadway, 18th Floor
> NY, NY  10006

by depositing a true and exact copy of the above mentioned document, enclosed in a post-paid

properly addressed envelope, in an official depository under the exclusive care and custody of

the United States Postal Service within the State of New York.

                                      _____
                                        Glenn M. Huzinec

Sworn to before me this
16th day of May, 2008

_____
    Notary Public
         JOHN FRANCAVILLO
      Notary Public, State of New York
            No. 24-4838118
        Qualified in Kings County
     Certificate Filed in Kings County
    Commission Expires Oct. 31, 20__

FILED

MAY 1 6 2008

NEW YORK
COUNTY CLERK'S OFFICE