# EDWARDS ANGELL PALMER & DODGE LLP

One Giralda Farms  Madison, NJ 07940  973.520.2300  fax 973.520.2600  eapdlaw.com

Ivan R. Novich, Esq.
Associate
973.520.2300
fax 973.520.2600
inovich@eapdlaw.com

August 14, 2008

**VIA ELECTRONIC FILING**
Hon. Victor Marrero, U.S.D.J.
United States Courthouse
500 Pearl St., Room 660
Courtroom 20B
New York, NY 10007

Re:   *Shaw v. Bank of America*
      Civil Action No.: 08-cv-4573 (VM)

Dear Judge Marrero:

This firm represents defendant Bank of America, N.A. ("Defendant") in the above-referenced action. In accordance with the Notice of Initial Conference filed on July 21, 2008 (the "Notice"), I submit this joint letter, which addresses the four items in the Notice and which has been signed by counsel for both parties in this matter. The Initial Conference is currently scheduled before Your Honor on September 12, 2008 at 9:00 a.m.

## I.    Brief Description of the Case

This is an employment action in which plaintiff Dong Shaw ("Plaintiff") alleges that Defendant wrongfully terminated his employment as a Quantitative Research Analyst. Specifically, Plaintiff claims that Defendant discriminated against him because of his race (Asian) and national origin (China) in violation of the New York Human Rights Law and New York City Human Rights Law. Plaintiff also asserts that the Defendant retaliated against him after he complained about alleged discrimination.

Defendant denies engaging in any discriminatory or retaliatory conduct. Defendant asserts that Plaintiff's employment as a researcher for less than two years was terminated for legitimate, business reasons. In particular, Plaintiff's employment was terminated due to his sustained and documented history of poor performance (such as causing unnecessary conflicts, performing substandard work, and missing deadlines). According to Defendant, Plaintiff failed to remedy these performance issues, despite being given oral coaching and written warnings that human resources approved. Moreover, Defendant asserts that one of the key decision-makers is Asian and not born in the United States. Several other members of the group that Plaintiff worked in also are Asian and/or foreign born. According to Defendant, these employees have not been terminated or complained of discrimination. At the time of his discharge, Plaintiff's annual salary was $125,000 and he was eligible to receive discretionary bonuses and stock options.

EDWARDS ANGELL PALMER & DODGE LLP
Hon. Victor Marrero, U.S.D.J.
August 14, 2008
Page 2


II.    Contemplated Motions

At the close of discovery, Defendant intends to file a motion for summary judgment. Further, Plaintiff has agreed to enter into an appropriate Confidentiality Stipulation to prevent confidential information that Defendant produces in this case from being used for purposes other than this litigation. Thus, at this time, Defendant does not anticipate the need to file a motion for a protective order.

III.    The Prospect of Settlement

As of today's date, the parties have not had any substantive settlement discussions. Defendant also reasonably expects to prevail either on summary judgment or at trial. If Plaintiff makes a reasonable settlement demand, Defendant is willing to explore the option of participating in a non-binding mediation after Defendant first conducts certain discovery (such as taking Plaintiff's deposition as well as subpoenaing records from his providers, prospective employers, and subsequent employers). Plaintiff reserves the right to object to any discovery that defendant serves.

IV:    Whether the Parties Will Consent to Proceed for All Purposes with A Magistrate Judge

For discovery related and summary judgment motions, the parties consent to proceed before Magistrate Judge Kevin N. Fox, who has been assigned to this case.


Respectfully submitted,


Ivan R. Novich

Agreed To:


Daniel J. Kaiser, Esq.
Counsel for Plaintiff
Kaiser Saurborn & Mair, P.C.
20 Exchange Place, 11th Floor
New York, New York 10005
Tele. No. (212) 338-9100

Dated: 8/14/08